IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

LARRY ARCHER; and
JUDY ARCHER,

      Plaintiffs.

v.                                                      CIVIL ACTION NO.  3:09-CV-3

CRETE CARRIER CORPORATION,  and
RICHARD DOUGLAS DAILY,

      Defendants.

## PLAINTIFFS' MEMORANDUM IN REPLY

COME NOW the Plaintiffs, Larry Archer and Judy Archer, by counsel, Mark Jenkinson, Esquire, do submit the following memorandum in reply to the Defendant's Memorandum in Opposition to Plaintiffs' Motion to Compel.

Defendants' argument that Plaintiffs should not be awards attorneys fees because his "objections" were substantially justified is pure sophistry.  This discovery dispute has nothing to do with the fact that defense counsel "objected" to these questions, but rather has everything to do with the fact that he instructed the witness not to answer them.

The Defendants have agreed to reconvene the deposition of Richard Daily to respond to the two questions that Mr. Daily was previously instructed not to answer.  However, Defendants' counsel has failed to explicitly admit that it was entirely improper for him to instruct Mr. Daily not to answer those two questions.  Furthermore, defense counsel is specifically claiming that his actions at the deposition of Mr. Daily were

1

substantially justified.  There was no substantial justification for instructing Mr. Daily not to answer these questions.  Indeed, to instruct a party witness not to answer questions without asserting any privilege is a deliberately obstructionist tactic designed to gain unfair advantage in flagrant violation of the Federal Rules of Civil Procedure.

Unfortunately, the tactic has already been rewarded since defense counsel has had ample opportunity to now coach Mr. Daily as to what his answer should be when the deposition is reconvened.  The Defendant is now, in effect, asking this Court to sanction its conduct by not awarding the Plaintiffs their attorneys fee to which they are clearly entitled.  Specifically, the assessment of attorneys fees in these situations is governed by Fed.R.Civ.P. § 37, to wit:

> (5) *Payment of Expenses: Protective Orders.*
>    *A.*  If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).  If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees.  But the court must not order this payment if
>      I.   The movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action;
>      II.  The opposing party's nondisclosure, response or objection was substantially justified; or
>      III. Other circumstances make an award of expenses unjust.

See Fed.R.Civ.P. § 37.

Defendants' claims that the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action borders upon the absurd.

2

First, this is not a dispute over written discovery but is, rather, a dispute that arose during the deposition of a party deponent at which counsel for both Plaintiff and Defendant were present (Mr. Marcello in person with the deponent in Colorado and Plaintiffs' counsel on the phone in West Virginia). As the record clearly shows, Plaintiffs' counsel and defense counsel spoke about this issue at the deposition and Plaintiffs' counsel made specific note on the record that if the question was not answered that the issue would have to be revisited another day and that the deposition may have to be reconvened. See Daily deposition transcript pgs. 36 -37 attached to original Motion [Doc 29] as Exhibit B. In addition to that, less than 24 hours after the deposition, Plaintiffs' counsel made a second attempt to resolve this issue without court action by writing defense counsel a letter addressing this very issue. Plaintiffs' counsel again outlined his frustration with the conduct of defense counsel instructing a witness not to answer a question, but even then specifically stated:

> "Of course, I am hoping that it will not be necessary to file any Motion to Compel and this is my good faith attempt to resolve these discovery disputes without the need for further Court action."

Defense counsel would now have this Court believe that he wished to "confer" more on this issue and suggests that some additional "conference" may have obviated the need for this Motion to Compel. However, defense counsel's reply to the letter of December 1, 2009 demonstrates that this is not the case. Defense counsel wrote:

> "Third, you raise the issue as to the questions Mr. Daily was instructed not to answer. I believe there were two questions at issue, the second of which you prefaced as being potentially problematic and couched in the same framework as the first.

3

> The questions, as phrased, were not proper. You had the opportunity to address other questions to Mr. Daily on this issue which you chose not to do. You had the opportunity to reformulate your inquiry so as to provide for a proper question. You chose not to do so.
>
> Having failed or refused to pursue proper inquiry on this issue, any pursuit of this issue with the Court will not be in good faith. We will respond accordingly and seek the appropriate remedy."

Nowhere did defense counsel ask for any further conference on this issue. Nowhere in this letter did defense counsel complain of any failure on the part of Plaintiffs' counsel to attempt to work the matter out without the need for further court action. This was a reiteration of defense counsel's position that he stood by his instruction to Mr. Daily not to answer these questions. For defense counsel to now claim that the Plaintiffs failed to make any attempt to resolve this issue is disingenuous.

Defendants' argument that Plaintiffs should not be awards attorneys fees because his "objections" were substantially justified is pure sophistry. This discovery dispute has nothing to do with the fact that defense counsel "objected" to these questions, but rather has everything to do with the fact that he instructed the witness not to answer them.

## Conclusion

Failure to award Plaintiffs' attorneys fees in this situation would be nothing less than a wink and a nod to defense counsel that his conduct is perfectly acceptable in the Federal Courts within the Northern District of West Virginia. Plaintiffs' counsel respectfully suggests that this would set a bad precedent and asks that Plaintiffs be permitted to submit a Petition for Attorneys Fees and Costs.

                      <u>Plaintiff</u>
                      By Counsel

<u>  **/s/Mark Jenkinson**  </u>
Mark Jenkinson, Esquire
WVSB#5215
Burke, Shultz, Harman & Jenkinson
P.O. Box 1938
Martinsburg, WV 25402
(304) 263-0900

5