IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY ARCHER; and
JUDY ARCHER,

      Plaintiffs,

v.                                                                                     Civil Action No. 3:09-CV-3

CRETE CARRIER CORPORATION, and
RICHARD DOUGLAS DAILY,

      Defendants.

## MEMORANDUM, OPINION, AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AS MOOT AND AWARDING PLAINTIFFS REASONABLE EXPENSES

On January 4, 2010, came the above named Plaintiffs, by Mark Jenkinson, via telephone, the above named Defendants Crete Carrier Corporation, and Richard Douglas Daily, by Douglas Marcello and Tracey Rohrbaugh, via telephone, for an evidentiary hearing and argument on Plaintiff's Motion to Compel.[1] Testimony was not taken, and no other evidence was introduced.

### I. INTRODUCTION

A.    Background

This action was removed on January 7, 2009, from the Circuit Court of Jefferson County, West Virginia.[2] Plaintiffs Larry and Judy Archer ("Plaintiffs") originally filed this personal injury action as the result of an accident during which ice chunks fell off the tractor trailer driven by Defendant Richard Daily ("Daily") in his employment with Defendant Crete Carrier Corporation ("Crete Carrier").

---

[1] Dkt. No. 36.

[2] Dkt. No. 1.

1

B.  The Motion

    1.    Plaintiffs' Motion to Compel the Defendant, Richard Daily, to answer a question which he was instructed by counsel not to answer at his November 30, 2009 deposition.[3]

C.  Decision

Plaintiffs' Motion to Compel is **DENIED AS MOOT**. Plaintiffs are awarded reasonable expenses as hereinafter set forth.

## II. FACTS

    1.    On or about November 19, 2009, Plaintiff served a Notice of Deposition on Defendant Daily.

    2.    On November 30, 2009, the deposition of Defendant Daily was taken during which Defendant Daily was instructed by his counsel not to answer certain questions asked by Plaintiffs' counsel.

    3.    On December 14, 2009, Plaintiffs filed this Motion to Compel Defendant Daily to answer questions he refused to answer during his deposition.[4]

    4.    On December 28, 2009, Defendant Daily filed a Response to Plaintiffs' Motion to Compel.[5]

    5.    On December 31, 2009, Plaintiffs filed a Reply to Defendant Daily's Response to

---

[3] Dkt. No. 29.

[4] Dkt. No. 29.

[5] Dkt. No. 34.

Plaintiffs' Motion to Compel.[6]

6. On January 4, 2010, an evidentiary hearing and argument was held on Plaintiffs' Motion to Compel.[7]

### III. PLAINTIFFS' MOTION TO COMPEL DEFENDANT DAILY TO ANSWER QUESTIONS AT HIS DEPOSITION

A. <u>Contentions of the Parties</u>

Plaintiffs filed this Motion to Compel after a dispute arising from Defendant Daily's deposition. Though Defendants subsequently agreed to reconvene the deposition and instruct Defendant Daily to answer the questions posed by Plaintiffs' counsel, Plaintiffs had already filed this Motion to Compel. With the discovery issue resolved, Plaintiffs argue they are entitled to reasonable expenses incurred in filing this Motion, preparing for Defendant Daily's reconvened deposition, taking Defendant Daily's reconvened deposition, and preparing for and attending any hearing on this Motion.

Defendants contend any payment of reasonable expenses in connection with this Motion to Compel is inappropriate. Defendants argue that Defense counsel's instruction not to answer questions at the deposition was substantially justified. Additionally, Defendants argue that Plaintiffs' counsel failed to attempt in good faith to resolve the issue without court intervention prior to filing this Motion.

B. <u>Discussion</u>

---

[6] Doc. No. 35.

[7] Dkt. No. 36

3

Rule 30 governs depositions by oral examination, including grounds for objections. A deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). A party or deponent may, at any time during a deposition, "move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). The court is permitted to terminate or limit the scope of the deposition. Fed. R. Civ. P. 30(d)(3)(B). The Rule explicitly subjects motions to terminate or limit to Rule 37(a)(5) expenses and sanctions. Fed. R. Civ. P. 30(d)(3)(C).

Rule 37 of the Federal Rules of Civil Procedure governs imposition of expenses and sanctions for discovery violations. If the motion is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The court must not order payment if the movant failed to attempt in good faith to obtain discovery without court intervention before filing the motion, the opposing party's action was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Counsel for Defendant argues that payment is not mandated under these circumstances because his actions instructing the Defendant deponent not to answer were substantially justified and Plaintiff's counsel failed to make a good faith effort to obtain the discovery before filing the motion.

Defense counsel's actions were not substantially justified. Federal Rule 30 governing depositions lists three situations necessitating an instruction for a deponent not to answer: 1) to preserve a privilege, 2) to enforce a court-ordered limitation, or 3) to present a motion under Rule 30(d)(3). F.R.C.P. 30(c)(2). Plaintiffs' counsel asked Defendant Daily why he thought the firemen removed the ice from the top of his truck before allowing him to leave on the day of the accident.[1] Defense counsel instructed Defendant Daily not to answer because the deponent was "to testify as to what he knows as to facts, not opinion."[2] These instructions were not given to preserve a privilege, enforce a court-ordered limitation, or to present a motion under Rule 30(d)(3). Because Defense counsel instructed Defendant Daily not to answer without a basis identified under Rule 30(d)(3), Defense counsel's actions cannot be and were not substantially justified under any circumstances. Defense counsel provided no authority that his instructions were substantially justified.

Additionally, payment is appropriate under these circumstances because Plaintiffs' counsel made a good faith effort to obtain the discovery without court intervention prior to filing this Motion to Compel. Federal Rule 37(a)(1) requires that when a party files a motion to compel, he must include in his motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Furthermore, the Local Rules mandate that "[b]efore filing any discovery motion . . . counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility for the moving party to arrange for the meeting." LR Civ P

---

[1] Dkt. No. 29-2; P. 3; p.36, ln 17-18.
[2] Dkt. No. 29-2; P. 4; p. 37, ln 2-4. Defense counsel later instructs Defendant Daily not to answer stating that the question "calls for him to speculate as to their purpose." Id. at p. 55, ln 1-2.

26.04(b). The failure to follow this requirement is grounds for the court to deny the motion to compel. See Ambu, Inc. v. Kohlbrat & Bunz Corp., 2000 U.S. Dist. LEXIS 241, 2000 WL 17181 (W.D.N.C. 2000) (stating "the fact that Defendants did not confer with opposing counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason to deny the motion."); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 n. 13 (D.Md. 1997) (stating that there must "have been good faith efforts to resolve the [discovery] dispute before filing the motion [to compel]."). In Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 197 (N.D.W.Va. 2000), our district court held that a letter to opposing counsel detailing the inadequacy of responses was a sufficient good faith effort. In Kidwiler, counsel for plaintiff wrote a letter stating it constituted an attempt to avoid filing a motion to compel and setting a deadline for resolving the discovery issue. Id. at 197. Despite the letter being the only attempt by plaintiff's counsel to resolve the issue, under the totality of the circumstances, this Court found that the letter met the good faith requirement under both the Federal Rules and Local Rules of Civil Procedure. Id. The letter was six pages in length and "specifically detailed counsel for the plaintiff's concerns as to the requests and interrogatories, and objections thereto, in question." Id.

The Court finds that Plaintiffs' counsel met the requirements of both Federal Rule 37 and Local Rule 26.04(b) and the duty to confer. Similar to the facts in Kidwiler, in the instant case, Plaintiffs' counsel wrote to Defense counsel on December 1, 2009, requesting that Defendant Daily's deposition be reconvened at the expense of Defense counsel and that Defendant Daily be instructed to answer any and all questions he was earlier instructed not to answer. Plaintiffs' counsel continues stating that "[i]f you do not advise me of your willingness to reschedule his

depositions at some convenient time, I will be forced to include this issue in any Motion to Compel with the Court." Counsel concluded the letter stating that "this is my good faith attempt to resolve these discovery disputes without the need for further Court action." Though the December 1 letter includes only 15 lines addressing the discovery dispute while the letter written by plaintiff's counsel in <u>Kidwiler</u> was 6 pages in length, the letter still specifically detailed the concerns of Plaintiffs' counsel. The letter includes the question posed and the circumstances surrounding the dispute at Defendant Daily's deposition, addresses his belief as to why Defense counsel's instructions for Defendant Daily not to answer were wrong, includes the reasons he believes he is entitled to Defendant Daily's answer, and provides a procedure for resolving the dispute. Accordingly, there was no need for further explanation by Plaintiffs' counsel in the letter. Additionally, counsel for both parties addressed the issue during the deposition; therefore, Defense counsel already had a familiarity with the discovery dispute. To suggest, as he did in his response to the December 1 letter, that Plaintiffs' counsel failed to pursue proper inquiry on the issue and any further pursuit would not be in good faith is unfounded. Therefore, under the totality of the circumstances, this letter, similar to the letter in <u>Kidwiler</u>, satisfies the duties of Plaintiffs' counsel to confer or attempt to confer in good faith.

Defense counsel also argues that he has since agreed and set a date to reconvene Defendant Daily's deposition. However, it appears that this accommodation was made after Plaintiffs' counsel filed this Motion to Compel. Fed. R. Civ. P. 37(a)(5)(A) expressly provides if the disclosure or discovery response is made after the motion to compel is filed, reasonable expenses must be paid. Plaintiffs' counsel sent his letter on December 1, 2009. Though the exact date is unclear, it appears that the first response Defense counsel made was through an

email dated December 21, 2009.  In the email, Defense counsel advises Plaintiffs' counsel that they are withdrawing the objections and agree to reconvene the deposition telephonically.  There is also a letter sent from Defense counsel to Plaintiffs' counsel that states the questions were not phrased properly and Plaintiffs' counsel had not attempted to pursue the issue in good faith.  This letter is erroneously dated August 14, 2009, on the first page, and, in what appears to be the accurate date, December 27, 2009, on the second page.  Either way, both the email and the letter were sent well over two weeks after the December 1 letter sent by Plaintiffs' counsel.  This Court has previously found seven days to be an appropriate amount of time before filing a motion to compel.  See Miller v. Pruneda, 236 F.R.D. 277, 282 (N.D.W.Va. 2004).  In this case, Plaintiffs' counsel filed this Motion to Compel on December 14, 2009, nearly two weeks after sending the initial letter to Defense counsel.  Certainly, if seven days is sufficient, waiting almost two weeks is even more appropriate.

Accordingly, Plaintiffs' counsel did make a good faith attempt and complied with both the Federal Rules and Local Rules of Civil Procedure by sending a letter to Defense counsel specifying the issue and a plan to resolve the dispute.

C.   Decision

Because counsel for both parties resolved the discovery dispute, Plaintiffs' Motion to Compel is **DENIED AS MOOT**.  Defense counsel's actions were not substantially justified, and Plaintiffs' counsel did make a good faith attempt to resolve the issue without court intervention prior to filing this Motion to Compel.  Therefore, Plaintiffs are **AWARDED** reasonable expenses incurred in relation to the filing of this Motion to Compel.

Plaintiffs shall submit within fourteen (14) days of this Order an affidavit of reasonable

expenses in relation to the Motion to Compel.  Defendants shall have fourteen (14) days to respond.  Defendants shall be given an opportunity to be heard by telephone why reasonable expenses should not be awarded on February 16, 2010, at 10 a.m.

Filing of objections does not stay this Order.  Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: January 7, 2010

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE